# MATTER OF COPELAND

## In Section 316(b) Proceedings

## A-23442760

### Decided by Commissioner September 29, 1988

(1) Section 315(b)(3) of the Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, 100 Stat. 3359, 3439-40, is inapplicable in matters regarding an Application to Preserve Residence for Naturalization Purposes (Form N-470) pursuant to section 316(b) of the Immigration and Nationality Act, 8 U.S.C. § 1427 (1982).

(2) Any departure of an alien from the United States precludes establishment of an uninterrupted period of 1 year after lawful admission for permanent residence and therefore bars eligibility for preservation of residence pursuant to section 316(b) of the Act. *Matter of Graves*, 19 I&N Dec. 337 (Comm. 1985), followed.

ON BEHALF OF APPLICANT: Laurie Grossman, Esquire
Wildes & Weinberg, Esquires
515 Madison Avenue
New York, New York 10022

The Application to Preserve Residence for Naturalization Purposes (Form N-470) was denied by the district director, Hartford, Connecticut, and is now before the Commissioner on appeal. The appeal will be dismissed.

The district director determined that the applicant was not physically present and residing in the United States for an uninterrupted period of at least 1 year after lawful admission to the United States for permanent residence and denied the application, following *Matter of Graves*, 19 I&N Dec. 337 (Comm. 1985).

On appeal, counsel for the applicant argues that *Matter of Graves, supra,* is not the controlling precedent since the rationale of that decision was specifically reversed by section 315(b)(3) of the Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, 100 Stat. 3359, 3439-40 ("IRCA"). Counsel argues that the IRCA creates a statutory mandate that continuous physical presence be liberally construed. Counsel asserts that it is unlikely Congress intended that a more stringent standard be applied to a lawful permanent resident than to an alien unlawfully in the United States seeking relief from deportation. Counsel therefore argues that under the new statutory interpretation of physical presence, the

applicant meets the requirement of 1-year's uninterrupted physical presence.

The applicant is a 44-year-old native and citizen of the United Kingdom who was admitted to the United States as a lawful permanent resident on July 14, 1980. The applicant was temporarily absent from the United States from April 16, 1981, to April 26, 1981, and from August 8, 1981, to August 31, 1981. In addition, the applicant was absent for 27 days in 1982 and 45 days in 1983 and was subsequently assigned to work in Korea and departed in 1984.

*Matter of Graves, supra*, holds that it is impossible to construe the uninterrupted physical presence requirement of section 316(b) of the Act to allow departures from the United States. The effect of *Rosenberg v. Fleuti*, 374 U.S. 449 (1963), cannot be extended to statutory schemes which include a requirement of uninterrupted or continuous physical presence. Any departure from the United States for any reason or period of time bars a determination that an alien has been continuously physically present in the United States or present in the United States for an uninterrupted period during the period including the departure. An applicant's failure to establish that he or she has been present in the United States for 1 year after lawful admission for permanent residence bars eligibility for preservation under section 316(b) of the Act.

Section 315(b)(3) the Immigration Reform and Control Act of 1986, under the heading "Suspension of Deportation for Certain Aliens," amends section 244(b) of the Immigration and Nationality Act, 8 U.S.C. § 1254(b) (1982), by providing:

> An alien shall not be considered to have failed to maintain continuous physical presence in the United States . . . if the absence from the United States was brief, casual, and innocent and did not meaningfully interrupt the continuous physical presence.

Section 315(b)(3) of IRCA clearly and explicitly refers to suspension of deportation. There is neither reference nor evidence of an intent to imply preservation of residence. Since IRCA was an attempt to reform existing immigration laws, it is reasonable to infer that Congress would have addressed this question specifically had it desired to do so. Attempts to derive the intent of Congress are speculation.

In *INS v. Phinpathya*, 464 U.S. 183 (1984), the Supreme Court construed the term "continuous physical presence" as that term is used in the suspension of deportation provision, section 244 of the Act, 8 U.S.C. § 1254 (1982). There, the Court literally applied that term, holding that the ordinary meaning of the words "for a continuous period of not less than seven years immediately preceding the date of such application" did not readily admit any exception

to the requirement of 7 years' continuous physical presence in the United States to be eligible for suspension of deportation. The Court stated that the plain meaning of section 244 must be applied, however severe the consequences.

The Court also pointed to the fact that Congress had, in the past, provided authority for the "continuous physical presence" requirement to be flexibly administered. For example, former section 301 of the Act required 2 years of "continuous physical presence" for maintenance of status as a United States citizen or national but provided that absences of less than 60 days would not break the continuity. However, in the case of section 244, Congress had made no such accommodation, just as it has not in the context of section 316(b) of the Act, at issue here.

Therefore, in light of the Supreme Court's strict literal interpretation of *Phinpathya, supra,* the Service is bound to follow the plain language of section 316(b) of the Act, despite the amendment of section 244 by IRCA.

*Matter of Graves, supra,* remains the governing precedent. The applicant has not been continuously present in the United States for 1 year after admission for permanent resident status. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.